IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 4:06-cr-55-RP-RAW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | CONCERNING DEFENDANT'S |
| BRADLEY LEE WINTERS, | ) | PRO SE MOTIONS [172], |
| | ) | [174] AND [178] |
| Defendant. | ) | |

The following motions have been referred to the undersigned by Chief Judge Pratt for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has carefully reviewed the *pro se* motions and the government's response. They may be decided on legal grounds or on the record without hearing.

Motion to Exclude/Suppress Testimony [172]

By this motion and accompanying memorandum (and a subsequent memorandum filed in conjunction with this report) defendant seeks to exclude the testimony of government witnesses Hulbert and Stalker who he alleges have been promised immunity for their testimony, and witnesses Ernesto Adams, Jose Adams and Michael McAninch who he says have entered written plea agreements which provide for cooperation and hold out the possibility of a downward departure for substantial assistance. Defendant alleges these offers of leniency or immunity violate 18 U.S.C. § 201(c)(2) which criminalizes the bribery of witnesses. It is settled in the Eighth Circuit this "statute does not sweep so broadly as to prevent prosecutors from offering leniency to an individual in

exchange for truthful testimony." <u>United States v. Johnson</u>, 169 F.3d 1092, 1098 (8th Cir. 1999); <u>see</u> <u>United States v. Harmon</u>, 194 F.3d 890, 898 (8th Cir. 1999)("A plea arrangement offered in exchange for testimony does not violate 18 U.S.C. § 201(c)(2)."); <u>United States v. Brown</u>, 183 F.3d 740, 742 (8th Cir. 1999). Each of the plea agreements referred to in standard form require truthful testimony.

**IT IS RECOMMENDED** that this motion [172] be denied.

<u>Motion to Dismiss Indictment and Detainer (For Violation of Interstate Agreement on Detainers) [174]</u>

The United States has enacted the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. 2. Defendant was in state custody when he was indicted. A detainer was lodged against him. He says, and the Court accepts for the purposes of the motion, that on March 31, 2006 he gave the notice and request for final disposition which triggers the running of the IAD. The Eighth Circuit has recently discussed the IAD.

> The IAD provides that when a defendant is in custody and indicted in another jurisdiction for an offense that causes a detainer to be placed on him, the other offense must be tried within one hundred and eighty days of the prisoner's written request for disposition, 18 U.S.C. App. 2, § 2, art. III(a), or within one hundred twenty days of his arrival in the receiving jurisdiction, 18 U.S.C. App. 2, § 2, art. IV(c).

<u>United States v. McKay</u>, 431 F.3d 1085, 1091 (8th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 2345 (2006). If these speedy trial rights are

2

violated, the Court must dismiss the indictment, with or without prejudice. 18 U.S.C. App. 2, § 2, art. III(d) & IV(e) and § 9(1). A continuance by the Court under the federal Speedy Trial Act ("STA") accompanied by a finding that the ends of justice are served by a continuance operates to exclude the period to the continued trial date from speedy trial consideration under both the IAD and the STA. Id. art. III(a) & IV(c) (court "may grant any necessary or reasonable continuance" for good cause); 18 U.S.C. § 3161(h)(8)(A)(STA continuance may be granted to serve ends of justice which "outweigh the best interests of the public and the defendant in a speedy trial"); McKay, 431 F.3d at 1091.

  Defendant's initial appearance in this Court was on April 19, 2006, which started the running of the IAD Art. IV 120-day period and the STA 70-day period. McKay, 431 F.3d at 1091; 18 U.S.C. § 3161(c)(1). At the initial appearance defendant was arraigned and a trial date of June 5, 2006 was set.

  On April 26, 2006 defendant's counsel filed a motion to continue the trial, noting he had just met with defendant at his initial appearance and arraignment, the government had given notice of prior convictions subjecting defendant to increased punishment, and in view of the prior state proceedings he anticipated there would be significant discovery prior to trial. On May 18, 2006 the Court granted defendant's motion for continuance, finding the ends of justice served by delaying the trial outweighed the best

interests of the public and defendant in a speedy trial in order to allow adequate time for defense counsel to prepare for trial. The Court further ordered that the delay would constitute excludable time under the STA. Trial was continued to the two-week period commencing July 31, 2006. The speedy trial clock stopped under both the IAD and the STA.[1] Defendant, through counsel, filed additional motions to continue on May 22, 2006 and May 30, 2006, both of which were denied.

Defendant filed his motion to suppress and motions to dismiss. On August 4, 2006 the Court ruled on the motions to suppress and dismiss, granting the former. On August 7, 2006 the government filed its notice of appeal. The IAD and STA clocks remained stopped during the appeal period. 18 U.S.C. § 3161(h)(1)(E); 18 U.S.C. App. 2, § 2, art. VI(a)("the running of [IAD] time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial. . . .").

On September 10, 2007 the Eighth Circuit issued its mandate reversing the suppression ruling and sending the case back to this Court. The IAD and STA clocks started again. On September 19, 2007 defendant with his then-counsel, Mr. Phelps, and the

---

[1] The IAD permits continuances "for good cause shown in open court, the prisoner or his counsel being present . . . ." 18 U.S.C. App. 2, § 2, arts. III(a), IV(c). A motion for continuance made by defense counsel binds the defendant. New York v. Hill, 528 U.S. 110, 115 (2000). In the Court's judgment, having requested a continuance, defendant cannot be heard to object that it was not given in "open court."

prosecutor, Mr. Paff, appeared before the undersigned for a status conference. Mr. Paff and Mr. Phelps asked that the Court set trial for the December 3, 2007 criminal trial setting in order to allow sufficient time to re-boot trial preparation and address the additional motions defendant wished to present, some of which were discussed, but not resolved, in the appellate decision. See United States v. Winters, 491 F.3d 918, 922-23 (8th Cir. 2007). Defendant objected to his attorney's request, saying he wanted to preserve his claim that his rights under the IAD had been violated. The Court nonetheless granted the request to continue the trial to the December 3, 2007 trial setting, making the findings required by the STA. On September 21, 2007 the Court entered an Order Following Status Conference which memorialized what had transpired at the status conference. The Court found good cause to continue the case to the December 3, 2007 trial setting and that the ends of justice served by such a continuance outweighed the best interests of the public and the defendant to a speedy trial. The Court ordered that the time of delay would constitute excludable time under the STA. The IAD and STA clocks stopped again. On November 19, 2007 Judge Vietor continued the trial to March 3, 2008, again finding that the ends of justice served by the delay outweighed the best interests of the public and the defendant in a speedy trial because new counsel, Mr. Brown, had been substituted for Mr. Phelps and Mr. Brown needed adequate time to prepare for trial. Judge Vietor also ordered the additional delay would constitute excludable time. The IAD and STA clocks remain stopped. Under McKay, only 38 days have

run on the speedy trial clocks. Even if the May 18, 2006 continuance is ignored, the current trial setting, by a day or two, remains within the IAD Art. IV 120-day period, and in any case is well within the Art. III 180-day period.

**IT IS RECOMMENDED** that this motion [174] be denied.

<u>Renewed Motion to Dismiss (1) Sham Prosecution; (2) Double Jeopardy; (3) Collateral Estoppel; (4) Vindictive/Due Process [178]</u>

Defendant was prosecuted first in state court. He was convicted but on appeal the Iowa Supreme Court reversed finding defendant had been denied his right to a speedy trial under Iowa law. <u>State v. Winters</u>, 690 N.W.2d 903, 910 (Iowa 2005)(applying Iowa R. Crim. P. 2.33(2)(b)). He was subsequently indicted on the present federal drug charges which, as to Winters' involvement, is substantially based on the same set of facts.

Defendant filed a motion to dismiss on double jeopardy grounds. The motion was denied by Judge Vietor at the same time the motion to suppress was granted. Defendant cross-appealed when the government appealed the interlocutory suppression order. The Eighth Circuit affirmed denial of the motion to dismiss. It rejected defendant's arguments that the federal prosecution was a "sham" because it was vindictive and selective. <u>Winters</u>, 491 F.3d at 920. This Court and the Eighth Circuit have thus ruled adversely to

defendant on the double jeopardy and related sham/vindictive prosecution claims which he now renews. The prior ruling on these issues following affirmance by the court of appeals is now "the law of the case" and will not be disturbed absent an intervening change of controlling authority." Baranski v. United States, __ F.3d __, __, 2008 WL 141154 (8th Cir. Jan. 16, 2008); see United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995)("All issues decided by the appellate court become the law of the case."); 18 Moore's Federal Practice § 134.20[4] at 134-50 (3d ed. 2007)("[a]s to decisions of law, the interlocutory appeal establishes the law of the case."). The Court is not aware of an intervening change in controlling authority. Even if the Eighth Circuit's decision was not the law of the case, defendant provides no reason to reopen these issues.

  Defendant argues the Iowa Supreme Court's dismissal of the state case on speedy trial grounds collaterally estops his prosecution in federal court. The obvious flaw in this argument is that the judgment dismissing the state charges as a result of the Iowa Supreme Court's decision did not decide any issue of fact or law bearing upon speedy trial issues in this Court. Moreover, it vacated the prior state judgment on the merits and any factual findings which might have inhered therein. Collateral estoppel, or issue preclusion, can apply only when the issues presented in the two matters are identical. Allstate Ins. Co. v. Blount, 491 F.3d 903, 909 & n.1 (8th Cir. 2007).

**IT IS RECOMMENDED** that this motion [178] be denied.

**RECOMMENDATION AND ORDER**

The undersigned **RECOMMENDS** that each of the captioned motions be **denied** for the reasons indicated.

**IT IS ORDERED** that the parties have **until February 15, 2008** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990); <u>Wade for Robinson v. Callahan</u>, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. <u>See</u> Fed. R. Civ. P. 72; <u>Thompson</u>, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 1st day of February, 2008.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE