IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:06-cr-00055-RP-RAW |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | ON DEFENDANT'S PRO SE MOTIONS: |
| vs. | ) | (1) TO DISMISS FOR |
| | ) | VIOLATION OF HIS SIXTH |
| BRADLEY LEE WINTERS, | ) | AMENDMENT SPEEDY TRIAL AND |
| | ) | AS PERMITTED UNDER FED. R. |
| Defendant. | ) | CRIM. P. 48(B), (2) TO |
| | ) | DISMISS INDICTMENT FOR FALSE |
| | ) | TESTIMONY PRESENTED TO |
| | | GRAND JURY AND (3) TO |
| | | EXCLUDE EVIDENCE |

The undersigned has previously ruled, or issued reports and recommendations, on numerous *pro se* motions filed by defendant. At a motion hearing on February 8, 2008 defendant indicated there were two additional *pro se* motions that had not been addressed and which his attorney could not locate. The Court has since received the following *pro se* motions: (1) a motion to dismiss, *pro se* supplemental motion to dismiss and a document containing "additional information" which collectively allege a violation of defendant's Sixth Amendment Speedy Trial right and request dismissal under Fed. R. Crim. P. 48(b)[193]; (2) a "Motion to Dismiss Indictment & Charges for False Testimony Presented to Grand Jury [194];" and (3) "Motion to Exclude Evidence and D.C.I. Lab Report" [194]. These documents will be ordered filed. The motion papers comprising the first motion will be filed together as a single motion to dismiss. The Court has not filed those attachments to the motion papers which consist of printed case authority.

Because the three additional motions on their face do not warrant relief and pursuant to the earlier reference from Chief Judge Pratt the undersigned will recommend that they be denied for the following reasons.

<u>Motion to Dismiss for Sixth Amendment Speedy Trial Violation and Under Fed. R. Crim. P. 48(b)</u>

Defendant says he was arrested by state authorities on August 28, 2002. He was prosecuted and convicted in state court but on appeal the Iowa Supreme Court reversed his conviction finding he had been denied his right to a speedy trial under Iowa law. <u>State v. Winters</u>, 690 N.W.2d 903, 910 (Iowa 2005). Defendant states federal authorities were aware he had been arrested by state law enforcement on August 28, 2002 but did not indict him until March 28, 2006. He complains the delay from his arrest on state charges to the time of indictment in this Court violates his Sixth Amendment Speedy Trial rights and warrants dismissal under Fed. R. Crim. P. 48(b).

Federal Rule of Criminal Procedure 48(b) allows the Court to dismiss an indictment if unnecessary delay occurs in presenting a charge to a grand jury or bringing a defendant to trial. The undersigned has previously found there has been no Speedy Trial violation in bringing defendant to trial, hence the issue raised by the present motion is delay in presenting a charge to a grand jury.

"Rule 48(b), like the Sixth Amendment right, applies only to delay after defendant has been arrested or formally charged by

indictment or information." 3B C. Wright, N. King, & S. Kline, Federal Practice and Procedure: Criminal § 814 at 352 (2004). Arrest on federal charges starts the clock. An arrest on state charges does not trigger the period for measuring unconstitutional delay or delay under Rule 48(b). United States v. Barken, 412 F.3d 1131, 1136 (9th Cir. 2005); United States v. Garner, 32 F.3d 1305, 1309 (8th Cir. 1994), cert. denied, 514 U.S. 1020 (1995).

The Sixth Amendment Speedy Trial right attaches at the time of arrest or indictment on federal charges, whichever is first. United States v. Shepard, 462 F.3d 847, 864 (8th Cir.), cert. denied, 127 S. Ct. 838 (2006). In evaluating a Sixth Amendment pre-trial delay claim the Court considers four factors: the length of delay, the reason for the delay, the defendant's assertion of his Speedy Trial right, and prejudice to the defendant. Id. (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)). "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." Id. (quoting United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003)).

Defendant was federally indicted on March 28, 2006 and had his initial appearance on April 19, 2006. On defendant's motion the case was continued to trial for the two-week criminal trial-setting period commencing July 31, 2006. The case was set for trial during the second week, commencing August 8, 2006. Defendant filed a motion to suppress which was granted in part on August 4, 2006

and the government promptly appealed. On September 10, 2007 the Eighth Circuit issued its mandate reversing the suppression ruling. At the request of defense counsel the case was set for trial during the December 3, 2007 trial setting. On November 19, 2007 the case was continued to its current trial setting, March 3, 2008. New counsel had been substituted for defendant and needed adequate time to prepare. Appropriate findings were made under the Speedy Trial Act. All of these things are set forth in my February 1, 2008 Report and Recommendation which concluded the Speedy Trial Act and Interstate Agreement on Detainers had not been violated.

      The length of delay from indictment is approaching two years, but most of the interim has been taken up with the appeal of the suppression order. The reasons for the delay to this point, for appeal and to permit counsel an adequate time to prepare, have been legitimate. The defendant has asserted his Speedy Trial rights from the beginning. As to prejudice, defendant alleges four witnesses have died, three of which he says would have testified that they arranged for, or were involved in arranging for, a pound of methamphetamine to be put in defendant's car without his knowledge, and the fourth would testify that defendant would not knowingly have been part of distributing drugs to anybody. Two of the other four witnesses would allegedly say the same thing. According to defendant, three of the four witnesses would also have testified defendant was taking his mother to see a lawyer in Des Moines, to

visit people, and to try and get a stereo for his nephew. Other than defendant's bare assertions, which seem improbable with respect to the three witnesses he says would have admitted to complicity in hiding the methamphetamine in his vehicle, no support is provided for these allegations. The Court is not required to accept them at face value. Nor is the unavailability of the witnesses connected to the post-indictment delay in this Court.

Defendant also contends he has suffered personally in the interference with family relationships, financial strain and anxiety occasioned by the prosecution and his continued incarceration, as well as interference with rehabilitation programs incident to the service of his state sentence. At the time of his appearance in this Court defendant was serving a state sentence following conviction for a controlled substance violation and had a tentative release date of July 2012. See 4/19/06 Detention Order [25]. In view of defendant's incarceration on a state conviction, the effect of his continued incarceration while in federal custody is not a significant factor. Nor is the interruption of the service of his state sentence.

Defendant's allegations of prejudice do not outweigh the unremarkable period of delay since institution of the federal prosecution in light of the legitimate reasons for what delay has occurred.

The undersigned RECOMMENDS that this motion to dismiss be denied.

<u>Motion to Dismiss Indictment & Charges for False Testimony Presented to Grand Jury</u>

Defendant alleges state law enforcement agent Paul Feddersen was called as a witness in state proceedings to impeach the testimony of witness Hulbert and now agent Feddersen, who is involved in the federal prosecution, has used Hulbert's information as a basis for the federal prosecution. "[G]rand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." <u>United States v. Kouba</u>, 822 F.2d 768, 774 (8th Cir. 1987)(quoting <u>United States v. Hintzman</u>, 806 F.2d 840, 843 (8th Cir. 1986)); <u>see</u> <u>United States v. Exson</u>, 328 F.3d 456, 459 (8th Cir.), <u>cert. denied</u>, 540 U.S. 1011 (2003)(also citing <u>Hintzman</u>). Generally, an indictment returned "by a legally constituted and unbiased grand jury is enough for a trial of the charge on the merits." <u>United States v. Civella</u>, 666 F.2d 1122, 1127 (8th Cir. 1981). The motion provides no specifics about the testimony of Hulbert or Feddersen, but even if Feddersen testified differently in state court proceedings and before the federal grand jury, the indictment is not subject to being dismissed if there is other competent evidence to sustain the charge. <u>United States v. Moore</u>, 184 F.3d 790, 794 (8th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1161 (2000). The existence of such evidence is not called into question by the motion.

IT IS RECOMMENDED that this motion to dismiss be denied.

<u>Motion to Exclude Evidence and D.C.I. Lab Report</u>

In this motion defendant points to differences in the laboratory descriptions of the powder substance allegedly seized from him. The substance is referred to variously as "off-white" or "tan." If anything this difference goes to credibility, not admissibility.

IT IS RECOMMENDED that this motion be denied though the ruling thereon should not be regarded as a definitive ruling on the admissibility of the controlled substances in question. Fed. R. Evid. 103(a)(2).

## RECOMMENDATION AND ORDER

The undersigned **RECOMMENDS** that each of the captioned motions be **denied** for the reasons indicated.

In view of the trial date the Court will accelerate the time for objections. **IT IS ORDERED** that the parties have **until February 27, 2008** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990); <u>Wade for Robinson v. Callahan</u>, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. <u>See</u> Fed. R. Civ. P. 72; <u>Thompson</u>, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 20th day of February, 2008.

                                                ROSS A. WALTERS  
                                                UNITED STATES MAGISTRATE JUDGE